UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DIANA STOCKTON, derivatively on behalf
of Nominal Defendant GlobeTel
Communications Corp.,

    Plaintiff,

v.

J. RANDOLPH DUMAS, et al.,

    Defendants,

and

GLOBETEL COMMUNICATIONS CORP.

    Nominal Defendant.

CIVIL ACTION NO. 06-CV-60923 (CMA)

## STIPULATION OF COMPROMISE AND SETTLEMENT

This Stipulation of Compromise and Settlement (the "Stipulation") is made and entered into as of the 26th day of October 2007, subject to the approval of the Court, by and between (1) Diana Stockton ("Derivative Plaintiff"), who brought the above-captioned action derivatively for and on behalf of nominal defendant GlobeTel Communications Corp ("GlobeTel" or the "Company"), (ii) J. Randolph Dumas, Timothy Huff, Jonathan D. Leinwand, Dorian Klein, Michael Castellano, Kyle McMahan, Mitchell Siegel and Christopher Meyer (the "Individual Defendants"), and (iii) nominal defendant GlobeTel Communications Corp. by their respective attorneys. Derivative Plaintiff, GlobeTel Communications Corp. and the Individual Defendants are hereinafter sometimes collectively referred to as the "Parties."

WHEREAS:

A.  Derivative Plaintiff commenced this action by filing a shareholder derivative complaint on June 26, 2006, styled *Stockton v. Dumas, et al.*, No. 06-60923-CIV-COHN, in the United States District Court for the Southern District of Florida (the "Derivative Action"), which alleges that the Individual Defendants, each of whom is a present or former director and/or senior officer of GlobeTel, breached their fiduciary duties to GlobeTel by, among other things, issuing false and misleading statements concerning the Company's business practices, internal controls, and omitted material information regarding Globetel's financial results. According to Plaintiff, this caused the Company to be subjected to class action lawsuits for allegedly violating the federal securities laws. Derivative Plaintiff is represented in this action by the law firm of Federman & Sherwood (the "Derivative Plaintiff's Counsel").

B.  On April 27, 2006, a separately filed action captioned *Stevens v. GlobeTel*, 06-CIV-21071-ALTONAGA, was filed in the United States District Court for the Southern District of Florida against GlobeTel and certain of its current and former officers and directors, alleging violations of federal securities, and purporting to be an action brought on behalf of purchasers of GlobeTel common stock during the purported class period December 30, 2005 through August 24, 2006 (the "Securities Class Action").

C.  Counsel for the Individual Defendants, along with counsel for the Derivative Plaintiff mediated the Derivative Action on August 23, 2007, facilitated by the Honorable Nicholas Politan (ret.). At that mediation counsel for the Parties reached an agreement in principle to settle the Derivative Action. Also at that mediation, the parties to the Securities Class Action mediated that action and reached an agreement in principle to settle that case. Each settlement is contingent on court approval of the other settlement, and on judgment in each case

becoming a Final Judgment as defined in paragraph 13(d) below.  A separate set of settlement papers have been submitted to this Court with respect to settlement of the Securities Class Action.

  D. As to the Derivative Action, Derivative Plaintiff believes that the claims asserted therein have merit.  Plaintiff also believes that the settlement set forth herein provides benefits to the Company.  Derivative Plaintiff recognizes, however, the uncertain outcome and the risk of the prosecution of the Derivative Action.  Plaintiff, through her counsel, made a comprehensive and thorough investigation into the matters alleged in the Derivative Action and considered what was in the best interests of the Company.  Based on Derivative Plaintiff's evaluation and the evaluation of Derivative Plaintiff's counsel, Derivative Plaintiff has determined that the settlement set forth in the Stipulation is in the best interests of the Company.

  E. The Individual Defendants and GlobeTel have strenuously denied and continue to deny all of the allegations set forth in the Derivative Action, and any allegations of wrongdoing or liability against them.  The Individual Defendants and GlobeTel have nevertheless agreed to the Stipulation, and the terms of the Settlement (as defined below), solely to avoid the burdens, risk and expense that would result from the continued pursuit by the Derivative Plaintiff of the claims in the Derivative Action.

  F. All Parties and their counsel concur that the Settlement (as defined below) described herein is fair, reasonable, adequate and in the best interests of GlobeTel and its shareholders.

  G. Neither this Stipulation nor any of its terms shall constitute an admission or finding of wrongful conduct, acts or omissions.

3

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for the Parties herein, and subject to the approval of the Court that all Released Derivative Claims (as defined below) against all Related Parties (as defined below) shall be finally and fully compromised, settled and released, and the Derivative Action will be dismissed on the merits with prejudice on the following terms and conditions (the "Settlement"):

1. As used in this Stipulation of Compromise and Settlement, the following capitalized terms (together with their cognate forms) shall have the following meanings:

    a. "D&O Policy" means Admiral Insurance Company Directors and Officers Liability Insurance Policy Number 1654351/1, which was issued to GlobeTel.

    b. "Insurer" means GlobeTel's directors' and officers' insurance policy carrier, Admiral Insurance Company.

    c. "Released Parties" shall mean GlobeTel Communications Corp., the Individual Defendants, and any of its, her, his or their current, former or future subsidiaries, parents, divisions, affiliates, acquirers, officers, directors, shareholders, members, joint venturers, investors, underwriters, auditors, accountants, agents, servants, attorneys, investment advisors, employees, insurers, heirs, executors, representatives, predecessors, successors, assigns, trusts, and any Person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest or which is related or affiliated with any of the Defendants, and the respective legal representatives, heirs, executors, administrators, predecessors, successors in interest, and/or assigns of any of them.

    d. "Released Derivative Claims" shall mean any and all claims, debts, demands, rights, or causes of action, or any liabilities whatsoever (including but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation (whether foreign or domestic), including both known claims and Unknown Claims (as defined below), accrued claims and unaccrued claims, foreseen claims and unforeseen claims, matured claims and not matured claims, whether alleged directly, individually, derivatively, or in a representative capacity, (i) that have been asserted in this Derivative Action against the Released Parties, or (ii) that could have been asserted in this Derivative Action against the Released Parties or could in the future be asserted against the Released

4

    Parties and which arise out of or relate in any way to the allegations, transactions, acts, facts, matters or occurrences, representations or omissions described, set forth, or referred to in the Derivative Action, including but not limited to claims for breach of fiduciary duty, abuse of control, mismanagement, gross mismanagement, waste of corporate assets, misappropriation of information, unjust enrichment, contribution and indemnification, money damages, or other relief, any and all demands, actions, damages, claims rights or causes of action or liabilities whatsoever, unasserted or asserted, whether alleged directly, individually, derivatively, or in a representative capacity, whether known or Unknown or suspected to exist, and whether based on federal, state or local statutory or common law, equity, or any other law, rule or regulation.

  e. "Unknown Claims" means any and all Released Derivative Claims which Plaintiff does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all such Unknown Claims the Parties stipulate and agree that upon the Effective Date, the Derivative Plaintiff shall expressly have waived any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides a general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

2. In full and complete settlement of all claims that have been or could have been asserted in the Derivative Action, GlobeTel has or will adopt the following corporate governance measures:

  a. The Company shall adopt a policy that requires the Company's press releases to be approved by either (a) the Company's chief executive officer and outside counsel; or (b) a majority of the Board of Directors.

  b. The positions of Chairman of the Board and Chief Executive Officer shall be held by separate individuals.

  c. Board members shall be subject to majority voting.

  d. Board committees shall be granted standing authority to retain counsel and special or expert advisors of their own choice.

5

e.  The Company shall adopt a policy that requires the Board's Compensation Committee to meet at least annually outside the presence of the Company's chief executive officer to discuss the chief executive officer's compensation.

f.  All shareholder proposals that are properly submitted shall be evaluated by the full Board, which will determine, with the assistance of outside advisors, if necessary, whether the shareholders' proposal is in the best interest of the Company. The full Board shall include a recommendation for or against such shareholder proposal and the reasons for such recommendations in a proxy statement which requests shareholder approval on the proposal.

g.  If a majority of the Board's independent directors or a Board committee comprised entirely of independent directors determines that, as a result of a restatement of the Company's financial statements, an executive received more compensation than the executive would have received absent the incorrect financial statements, then the Board's independent directors or independent committee, as applicable, in their or its sole discretion, maybe take such actions as it deems necessary or appropriate to address the events that gave rise to the restatement and to prevent its recurrence. Such actions may include, to the extent permitted by applicable law:

   i.   Requiring partial or full repayment of any bonus or other incentive compensation paid to the executive;

   ii.  Requiring repayment of any gains realized on the exercise of stock options or on the open-market sale of vested shares;

   iii. Causing the partial or full cancellation of restricted stock or deferred stock awards and outstanding stock options;

   iv.  Adjusting the future compensation of such executive; and

   v.   Dismissing or initiating legal action against the executive, as the independent directors or committee determines to be in the best interests of the Company.

h.  If the Company is required to prepare an accounting restatement to correct an accounting error on an interim or annual financial statement included in a report on Form 10-Q or Form 10-K, due to material non-compliance with any financial reporting requirement under the federal securities laws, and a majority of the Board's independent directors or a Board committee comprised entirely of independent directors determines the restatement was caused by the misconduct of any officer or employee, the Board may, in its sole discretion, consider requiring such officer or employee to return to the Company:

6

    i. Any bonus, incentive-based, equity-based compensation received by the responsible officer or employees for or during each of the restated periods and the 12 months immediately preceding each of the restated periods; and

    ii. Any net profits realized by the officer or employee from the sales or other transactions in Company securities during each of the restated periods and the 12 months immediately preceding each of the restated period.

  i. The Company hereby represents that it has not been notified and has no knowledge of any SEC or DOJ investigations into backdating or pricing of GlobeTel stock options.

  j. The Company does hereby, by virtue of this Settlement Agreement, acknowledge that the filing and prosecution of the shareholder derivative complaint by Derivative Plaintiff's Counsel was a substantial factor in the Company's implementation of or agreement to implement the foregoing corporate governance changes.

  k. These corporate governance reforms shall be implemented no later than 90 days following the Effective Date, as specified in Paragraph 13 below, and remain in effect for a minimum of three years from the Effective Date.

3. The requirements in paragraph 2 above will remain in effect for at least three (3) years from the date of this Agreement, but terminate if GlobeTel is no longer a public company.

4. In the event of any conflict between the provisions in paragraph 2 above and the laws, rules or regulations of the NASDAQ Stock Market, the Securities Exchange Commission, or any other regulatory or governmental body applicable to GlobeTel or its directors, the applicable laws, rules or regulations will govern and, in such cases, GlobeTel and the members of its Board of Directors, including but not limited to the Individual Defendants, shall be entitled to comply with the applicable laws, rules or regulations, including any fiduciary duties required by common law.

5. The Parties agree that Derivative Plaintiff's counsel shall apply for an award of attorneys' fees and reimbursement of expenses (the "Fee Award") in an aggregate amount not to exceed $60,000, which application Defendants will not oppose, to be paid solely by the

7

directors' and officers' insurance carrier for GlobeTel to Derivative Plaintiff's counsel in the amount awarded to Derivative Plaintiff's counsel within ten (10) business days after the Effective Date as defined in paragraph 13 below. Neither GlobeTel nor any Individual Defendant shall assert any claim for expenses, costs and fees against the Derivative Plaintiff or her counsel. The fee award shall be paid to Federman & Sherwood and disbursed by such firm pursuant to its determination of work performed by Plaintiff's counsel.

6. GlobeTel and the Individual Defendants shall have no responsibility for, and no liability whatsoever with respect to, any fee allocation among counsel in the Derivative Action, and any other person who may assert some claim thereto, of any portion of the Fee Award.

7. In consideration of the foregoing, subject to Court approval, as of the Effective Date (defined below), Derivative Plaintiff, for herself and derivatively on behalf of GlobeTel, and all current and former GlobeTel shareholders will forever release any and all Released Parties from all Released Derivative Claims.

8. The Released Parties, including GlobeTel, agree not to assert any claim for expenses, costs and fees against the Derivative Plaintiff relating to or in connection with her institution, prosecution, assertion, settlement or resolution of the Derivative Action or the Released Derivative Claims.

9. By no later than October 26, 2007, the Parties shall submit to the Court in the Derivative Action this Stipulation, in executed form, and a proposed order substantially in the form annexed hereto as Exhibit A which preliminarily approves this settlement and schedules a hearing for the purposes of determining whether the settlement and dismissal of the Derivative Action on the terms set forth herein should be approved, and whether a notice substantially in the form annexed hereto as Exhibit B should be published (i) in the national edition of Investors

Business Daily; (ii) as part of a public Form 8-K filing with the Securities Exchange Commission; and (iii) on GlobeTel's public website, alerting all GlobeTel shareholders of record as of the date hereof of the claims asserted in the Derivative Action and the terms of the settlement.

10. If the settlement contemplated by this Stipulation is approved by the Court, and all prior conditions, requirements and events set forth in this Stipulation have been met or have occurred, the Derivative Plaintiff's Counsel and the Defendants' Counsel shall request that the Court enter a final judgment order substantially in the form attached hereto as Exhibit C.

11. Subject to the order of the Court, pending final determination of whether the Settlement provided for in the Stipulation should be approved, Derivative Plaintiffs and all other GlobeTel shareholders will be barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Derivative Claims, either directly, representatively, derivatively, or in any other capacity, against the Released Parties, which have been or could have been asserted, or which arise out of or relate in any way to any of the transactions or events described in the complaint filed in the Derivative Action.

12. All Parties hereto recognize that settlement pursuant to this Settlement Agreement is expressly conditioned upon the Court approving the Insurer's use of proceeds from GlobeTel's D&O Policy to fund this Settlement. In this respect, the Insurer will be filing simultaneously with this Stipulation of Compromise and Settlement an "Agreed Intervention Motion" with the Court to which all parties to the Class Action and the Derivative Action will consent. Through the Agreed Intervention Motion, the Insurer will seek the Court's permission to use the D&O Policy proceeds to fund the settlement of the Class Action and the Derivative Action, as opposed

to paying the continuing legal expenses related to a currently pending SEC investigation involving GlobeTel and certain of its current or former officers and directors. It is understood by all Parties hereto that the settlement contemplated herein is expressly contingent on the Court's approval of the Insurer's use of such D&O Policy proceeds to fund the settlement.

13. The Settlement shall not become effective until the first date on which all the following conditions have been satisfied, unless one or more of the conditions is expressly waived in writing by counsel for each of the parties (the "Effective Date"):

   a. The Court has approved the insurer's use of D&O Policy proceeds to fund the settlement contemplated in this Stipulation;

   b. The entry of a judgment by the Court in the Derivative Action (after notice and an opportunity for a hearing) substantially in the form annexed hereto as Exhibit C approving the Settlement and dismissing with prejudice the claims against all Individual Defendants in the Derivative Action without awarding costs to any party, except as provided herein;

   c. The entry of a final judgment by the Court in the Class Action; and

   d. The judgments referred to in subparagraphs b and c above shall each have become final judgments no longer subject to review, either by the expiration of the time for appeal therefrom with no appeal having been taken or, if an appeal is taken and not dismissed, by the determination of the appeal by the highest court to which such appeal may be taken in such a manner as to permit the consummation of the Settlement in accordance with its terms and conditions ("Final Judgment(s)").

14. This Stipulation shall be null and void and of no force and effect if any of the conditions set forth in paragraph 13 are not met, unless expressly waived in writing by counsel.

15. Neither this Stipulation nor any negotiations, statements or proceedings in connection herewith shall be construed as, or be deemed to be, evidence or any admission or concession on the part of GlobeTel or any of the Individual Defendants of any liability or wrongdoing whatsoever or of having engaged in any of the conduct alleged in the complaints, petitions, or any of the pleadings or papers filed in the Derivative Action, which liability and

wrongdoing are expressly and vigorously denied by the Individual Defendants. In addition, neither this Stipulation nor any negotiations, statements or proceedings in connection therewith shall be offered or received in evidence in any action or proceeding in any court or other tribunal, nor shall it be offered or used in any way as an admission, concession or evidence of any liability, wrongdoing or misconduct of any nature by GlobeTel or any Individual Defendant, except that this Stipulation may be used in an action or proceeding to enforce its terms.

16. All counsel who have executed this Stipulation represent that they have authority to do so on behalf of their clients.

17. This Stipulation shall be construed and governed according to the laws of the State of Florida, without giving effect to conflict of laws principles. This Stipulation contains the entire agreement among the Parties with respect to settlement of the Derivative Action and may not be altered, modified, or amended unless by a writing executed by counsel for all the Parties hereto. The Parties reserve the right, upon agreement of all of them and subject to the Court's approval, to make any reasonable modifications to Exhibit B annexed hereto that may be necessary to carry out any of the provisions of this Stipulation.

18. The Derivative Plaintiff and Derivative Plaintiff's Counsel represent and warrant that none of the claims or causes of action asserted in the Derivative Action, including any Released Derivative Claims, have been assigned, encumbered or in any manner transferred in whole or part.

19. Except as provided herein, neither GlobeTel nor any Individual Defendant shall bear any expenses, costs, damages or fees alleged or incurred by any Derivative Plaintiff or their respective attorneys, experts, advisors, agents or representatives.

20. The Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective successors in interest, assigns, heirs, executors, administrators, affiliates, parents, subsidiaries, directors and officers, and any partnership or corporation into or with which any party hereto may merge, consolidate or recognize. The Court shall retain continuing and exclusive jurisdiction over the Parties hereto and over the matters set forth in this Stipulation, including the administration and enforcement of the Settlement. Any disputes or controversies arising with respect to the interpretation, enforcement or implementation of the Settlement must be raised by motion to the Court.

21. Defendants shall be responsible for all notices, including payment thereof, necessary to effectuate the terms of the Stipulation, except that it is understood by the parties hereto that counsel for lead plaintiffs in the Securities Class Action have agreed to be responsible for payment of publication in <u>Investors Business Daily</u> jointly noticing settlement of the Securities Class Action and the Derivative Action.

22. The Parties hereto agree to use their best efforts to promptly effectuate and implement all of the terms and conditions of this Stipulation, including obtaining the Court's approval of the Settlement. However, in the event the Settlement as provided for herein is not approved by the Court, the Parties fail for any reason to obtain the Final Judgments as described above (unless waived), or if for any reason this Stipulation and the Settlement embodied herein does not become effective, then:

    a. The Settlement shall be without prejudice, and none of its terms shall be effective or enforceable;

    b. The Parties shall revert to their litigation positions immediately prior to the execution of this Stipulation;

    c. This Stipulation will be null and void and of no further force or effect.

23. This Stipulation may be executed in one or more counterparts which, when taken together, shall be the same as if a single document shall have been executed.

IT IS HEREBY AGREED by the undersigned as of October 26, 2007.

*[signature]*

LEE & AMTZIS, P.L.
Wayne H. Schwartz (Fla. Bar No. 907390)
Eric Lee (Fla. Bar No. 961299)
5550 Glades Rd., Suite 401
Boca Raton, FL 33431

*DERIVATIVE PLAINTIFF'S LIASON COUNSEL*

*[signature]*

FEDERMAN & SHERWOOD
William B. Federman
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120

*DERIVATIVE PLAINTIFF'S LEAD COUNSEL*

*[signature]*

GUNSTER, YOAKLEY & STEWART P.A.
John F. Mariani
~~Broward Financial~~ Las Olas Centre
450 ~~500~~ East ~~Broward~~ Boulevard, Suite 1400
Fort Lauderdale, FL 33394 01

*[signature]*

GOODWIN PROCTER LLP
Brian E. Pastuszenski
Alexis L. Shapiro
Exchange Place
53 State Street
Boston, MA 02109

*ATTORNEYS FOR NOMINAL DEFENDANT GLOBETEL COMMUNICATIONS CORP. AND THE INDIVIDUAL DEFENDANTS*

13