UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.  06-60923-CIV-ALTONAGA

**DIANA STOCKTON**, derivatively on
behalf of Nominal Defendant GlobeTel
Communications Corp.,

    Plaintiff,
v.

**J. RANDOLPH DUTMAS**, et al.,

    Defendants,

and

**GLOBETEL COMMUNICATIONS CORP.**,

    Nominal Defendant.
_____/

**FINAL JUDGMENT ORDER**

This matter having come before the Court for hearing on February 4, 2008, on the application of the Plaintiff, for herself and derivatively on behalf of GlobeTel Communications Corp. ("GlobeTel"), and the Defendants for approval of the settlement of this action (the "Derivative Settlement") set forth in the Stipulation of Compromise and Settlement, dated as of October 26, 2007 (the "Stipulation"), and due and adequate notice having been given to GlobeTel's shareholders as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1.    All capitalized terms (together with their cognate forms) used herein, and not otherwise defined herein, shall have the same meanings as set forth in the Stipulation.

Case No.  06-60923-CIV-ALTONAGA

2. The Court has jurisdiction over the subject matter of the Derivative Action and over all parties to the Stipulation.  The Court is a proper and convenient venue for the consideration, approval and administration of the Derivative Settlement.

3. Based upon the evidence submitted by Defendants' Counsel, the Court finds that the notice was published in accordance with this court's preliminary order dated 2007, and such notice provided due and adequate notice of these proceedings and the matters set forth in the Stipulation, and fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process.

4. A full opportunity having been offered to GlobeTel shareholders to participate in the Settlement Hearing, it is hereby determined that all shareholders are bound by this Order ("Final Judgment Order").

5. Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, the Court approves the Derivative Settlement as set forth in the Stipulation, finds that the Derivative Settlement is, in all respects, fair and reasonable, meets the requirements of due process, and is in the best interests of GlobeTel and its shareholders, especially in light of the complexity, expense and probable duration of further litigation, the risks of establishing liability and damages, the intensive arm's length negotiation of experienced counsel, and the corporate governance changes that were implemented or shall be implemented pursuant to this Derivative Settlement.  The Court further directs that the Derivative Settlement be consummated in accordance with the terms and conditions set forth in the Stipulation.

Case No. 06-60923-CIV-ALTONAGA

6. Upon the Effective Date, Plaintiff, individually, and derivatively on behalf of all current and former shareholders of GlobeTel, and as to Plaintiff and such shareholders that are natural persons, on behalf of their heirs, executors, administrators, personal representatives, successors and assigns, and with respect to all shareholders who are trustees, guardians, conservators, attorneys-in-fact or other agents who purchased or otherwise acquired GlobeTel shares in such capacity, all those upon whose behalf they act or acted as such, and with respect to all shareholders who are corporations, partnerships or other legal entities, their successors and assigns, for good and sufficient consideration, by operation of this Final Judgment Order, shall be deemed to have, and by operation of this Final Judgment Order shall have, fully, finally, and forever released, relinquished and discharged as by an instrument under seal, any and all of the Released Claims, including Unknown Claims, against all of the Defendants and the other Released Parties, shall have covenanted not to sue the Defendants or the other Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, maintaining, prosecuting, asserting or participating in, either directly or indirectly, any action or other proceeding relating in any way to, or otherwise asserting, any of the Released Claims, including all Unknown Claims, against any of the Defendants or the other Released Parties. The Plaintiff and all GlobeTel shareholders shall further and conclusively be deemed to have waived the rights afforded by California Civil Code Section 1542 and any similar statute or law, or principle of common law of any jurisdiction.

7. The Court hereby dismisses the complaint filed in the Derivative Action and the Derivative Action with prejudice in their entirety, on the merits, as against all Defendants, as well as all Released Claims that were made, could have been made, or could be made in the future, in the Derivative Action, or in any other action or proceeding as against the Defendants on the merits with

Case No.  06-60923-CIV-ALTONAGA

prejudice in their entirety, and in full and final discharge of any and all Released Claims against the Defendants and the Released Parties, and without costs (except as set forth in the Stipulation), such dismissal to be binding on the Plaintiff and all GlobeTel shareholders.

8. Neither the Derivative Settlement, nor this Final Judgment Order, nor the Stipulation, nor any other papers relating to the Derivative Settlement, nor any negotiations, discussions or proceedings connected with it shall: (a) be offered or received against the Released Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by the Plaintiff or the validity of any claim that has been or could have been asserted in the Derivative Action or in any other proceeding, or the deficiency of any defense that has been or could have been asserted in the Derivative Action or in any other proceedings, or of any alleged liability, negligence, fault, or wrongdoing of the Released Parties, or of an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; (b) be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties or against the Plaintiff as evidence of any infirmity in the claims of the Plaintiff; (c) be offered or received against the Released Parties or against the Plaintiff as evidence of a presumption, concession or admission with respect to any alleged liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Parties may refer to this Final Judgment Order to effectuate the

Case No. 06-60923-CIV-ALTONAGA

liability protection granted them hereunder, including filing the Stipulation and/or the Final Judgment Order in any action, in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; (d) be construed against the Released Parties or the Plaintiff as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; (e) be construed as, or received in evidence as, an admission, concession or presumption against the Plaintiff that any of her claims are without merit.

9. Derivative Plaintiff's Counsel, in care of Federman & Sherwood and to be disbursed by such counsel pursuant to its determination of work performed by Plaintiff's counsel, is hereby awarded $60,000 in attorneys' fees and reimbursement of expenses as agreed to in the Stipulation, and the Court finds that such amount is fair and reasonable.

10. Without affecting the finality of this Final Judgment Order in any way, the Court retains jurisdiction over the Plaintiff and the Released Parties for all matters relating to the Derivative Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and the Final Judgment Order.

11. In the event the Effective Date does not occur, this Final Judgment Order shall be rendered null and void and shall be vacated, *nunc pro tune,* and the provisions of paragraph 22 of the Stipulation shall apply, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.

12. Without further order of the Court, the parties to the Stipulation may agree to reasonable extensions of time to carry out any of the provisions of the Derivative Settlement.

Case No. 06-60923-CIV-ALTONAGA

13. This Final Judgment Order is a final judgment in the Derivative Action as to all claims among the Defendants and the Released Parties on the one hand, and the Plaintiff and GlobeTel shareholders, on the other. This Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay in the entry of this Final Judgment Order and expressly directs immediate entry of judgment as set forth therein.

14. Entry of final judgment and final approval of the Derivative Settlement settles and disposes of all claims that have been asserted or could have been asserted in the Derivative Action.

15. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of February, 2008.

_Cecilia M. Altonaga_
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**